1   KARIMAH J. LAMAR, Bar No. 246862
    klamar@littler.com
2   LITTLER MENDELSON, P.C.
    501 West Broadway, Suite 900
3   San Diego, CA  92101-3577
    Telephone: 619.232.0441
4   Facsimile:  619.232-4302

5   JAMIE Y. LEE, Bar No. 228389
    jylee@littler.com
6   LITTLER MENDELSON, P.C.
    18565 Jamboree Road, Suite 800
7   Irvine, CA  92612
    Telephone: 949.705.3000
8   Fax No.:    949.724.1201

9   Attorneys for Defendant
    NAVIHEALTH, INC.
10

11                 UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13

14   SANDRA SEWERIN, an individual;        Case No.

15              Plaintiff,

16        v.                               **NOTICE TO FEDERAL COURT OF**
                                           **REMOVAL OF CIVIL ACTION**
17   NAVIHEALTH, INC., a corporate         **FROM STATE COURT PURSUANT**
     entity form unknown; and DOES 1-50,   **TO 28 U.S.C. SECTIONS 1332, 1441,**
18   inclusive,                            **AND 1446**

19              Defendants.

20                                         Complaint Filed: June 1, 2020
21                                         Trial Date:      Not Set

22

23

24   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

25   **CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF SANDRA**

     **SEWERIN and HER ATTORNEYS OF RECORD**:
26
27        PLEASE TAKE NOTICE that Defendant NAVIHEALTH, INC. ("Defendant")

28   hereby removes the above-captioned action from the Superior Court of the State of

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    1

California, County of Riverside, Case No. MCC2001047, to the United States District Court, Central District of California pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

Defendant makes the following allegations in support of its Notice of Removal:

## I.   STATEMENT OF JURISDICTION AND VENUE

1.   This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

2.   Plaintiff originally brought this action in the Superior Court of the State of California, County of Riverside. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(d), 1441(a), and 1446(a).

## II.   PLEADINGS, PROCESSES, AND ORDERS

3.   This lawsuit arises out of Plaintiff Sandra Sewerin's ("Plaintiff") employment with Defendant. On or about June 1, 2020, Plaintiff filed a Complaint ("Complaint" or "Compl.") in the Superior Court of the State of California, County of Riverside, entitled *Sandra Sewerin v. Navihealth, Inc. and Does 1-50*, Case Number MCC2001047 (the "State Court Action"). The Complaint asserts the following nine causes of action: (1) discrimination in violation of Gov. Code section 2940 et seq.; (2) age discrimination in violation of Gov. Code section12940 et seq.; (3) failure to accommodate in violation of Gov. Code section 12940(m); (4) failure to engage in the interactive process in violation of Gov. Code section 12940(n); (5) failure to prevent

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

2

discrimination in violation of Gov. Code section 12940(k); (6) retaliation in violation of Gov. Code section 12940(h); (7) wrongful termination; (8) failure to provide employment records in violation of Cal. Labor Code section 1198.5 et seq.; and (9) violation of Business & Professions code section 17200 et seq.

4.     On July 13, 2020, Plaintiff served Defendant with the Summons and Complaint. Attached as **Exhibit "A"** is a true and correct copy of the Complaint (hereinafter "Complaint"). (*See* Declaration of Karimah Lamar in Support of Defendant's Notice of Removal to Federal Court ["Lamar Decl."], ¶ 2 & Exh. A.)

5.     On August 6, 2020, Defendant filed an Answer with general denial and affirmative defenses to the Complaint in Riverside County Superior Court. (Lamar Decl. ¶ 3 & Exh. B.)

6.     Pursuant to 28 U.S.C. section 1446(d), Exhibits A & B constitute all process, pleadings, and orders filed in the State Court Action. (Lamar Decl. ¶ 4.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

7.     To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (*Id.* at ¶¶ 5-6.)

## III.   TIMELINESS OF REMOVAL

8.     This Notice of Removal is timely filed as it is filed within thirty (30) days of July 13, 2020, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. See 28 U.S.C. section 1446(b).

## IV.   DIVERSITY JURISDICTION PURSUANT TO SECTION 1332

9.     This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a). Pursuant to 28 U.S.C. section 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                3

10.  Plaintiff is a Citizen of California.  For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

11.  At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California.  Plaintiff's last known home address provided to the employer is located in Murrieta California.  (Declaration of Jaclyn Langseder ["Langseder Decl."], ¶ 5.)  (*See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "*prima facie*" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

12.  Defendant is Not a Citizen of California.   For purposes of diversity jurisdiction, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. Section 28 U.S.C. section 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    4

are performed).  Here, Defendant Navihealth, Inc. was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware. (Langseder Decl., ¶ 2.)  Defendant's headquarters and principal place of business is located in the State of Tennessee.  (Langseder Decl., ¶¶ 2-3.)  Defendant's officers direct, control, and coordinate Defendant's activities from Tennessee.  (Langseder Decl., ¶ 4.)

13.     Thus, Defendant is a citizen of Delaware and Tennessee.

14.     The Complaint names as defendants "DOES 1-50, inclusive."  Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

15.     As more fully set forth below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.[1]

## V.      THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

16.     Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.  Here, the Court can reasonably ascertain

---

[1] The alleged damages calculations contained herein are based upon the allegations in the Complaint, and are for purposes of removal only. Defendant expressly denies that Plaintiff is entitled to any relief whatsoever.  Defendant expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1  from the Complaint and its Prayer for Relief that the amount in controversy exceeds

2  $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

3  1997) ("The district court may consider whether it is facially apparent from the

4  complaint that the jurisdictional amount is in controversy." (internal citations and

5  quotations omitted)).

6      17.    In her Complaint, Plaintiff seeks economic damages in the form of loss of

7  wags, salary, benefits, potential for advancement, and additional amounts of money, no

8  less than three hundred thousand dollars.  (Compl. ¶¶ 31, 48, 61, 76, 88, 97, 125, 39,

9  51, 69, 78, 87, 97, 116, and Prayer for Relief, ¶ 1.) Plaintiff asserts that she earned

10  approximately $98,000 annually.  (Compl. ¶10.)  Further, Plaintiff seeks recovery of

11  general and special damages for, *inter alia*, "emotional distress and anguish,

12  humiliation, anxiety, and medical expenses." (Compl. ¶¶ 32, 49, 62, 77, 108, and Prayer

13  for Relief, ¶ 1.) Plaintiff also seeks punitive damages. (Compl., ¶¶ 38, 68, 83, 91, 98,

14  109 and Prayer for Relief, ¶ 5.) Finally, Plaintiff seeks recovery for attorneys' fees and

15  costs. (Compl., ¶¶ 39, 54, 69, 84, 92, 99, 116, and Prayer for Relief ¶ 6.)

16      18.    At the time of Plaintiff's separation from employment on or about

17  December 31, 2018, Plaintiff earned an annual pay rate of $90,330.50 in her position as

18  a Telephonic Case Manager. (Langseder Decl." ¶ 5.) Plaintiff asserts that she earned

19  approximately $98,000 annually.  (Compl. ¶10.)  Assuming that Plaintiff would have

20  continued to work on a full-time basis and conservatively estimating that this case will

21  go to trial in June 2021, or one year from the date Plaintiff filed her Complaint, back

22  pay would be calculated at **$225,826.24** ($90,330.50/12 x 30 months).

23      19.    Plaintiff is also seeking future damages or front pay. Such awards in

24  California often span several years. *See Smith v. Brown-Forman Distillers Corp*., 196

25  Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached);

26  *Rabago-Alvarez v. Dart Indus*., 55 Cal. App. 3d 91, 97-100 (1976) (four years);

27  *Drzewiecki v. H & R Block, Inc*., 24 Cal. App. 3d 695, 705 (1972) (ten years). Even

28  conservatively estimating that Plaintiff seeks front pay damages for only one year, and

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF          6
REMOVAL OF CIVIL ACTION

1    would not have received a pay increase, the amount of future wages in controversy in

2    this case would total at least an additional **$90,330.50**. Thus, it may reasonably be

3    estimated that Plaintiff's claims involve possible back pay and front pay damages which

4    alone total in excess of **$316,156.74**.

5          20.    As set forth above, Plaintiff is also seeking recovery of general and special

6    damages for, *inter alia*, "and anguish, humiliation, anxiety, and medical expenses."

7    (Compl. ¶¶ 32, 49, 62, 77, 108, and Prayer for Relief, ¶ 1.) These claims further augment

8    her claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d

9    295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may

10   properly be factored into jurisdictional analysis for purposes of removal); *see also*

11   *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that

12   emotional distress damages, although vaguely pled, were potentially substantial and

13   could factor into amount-in-controversy threshold); *Simmons v. PCR Technology,* 209

14   F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was

15   only employed by the defendant for four months, "emotional distress damages in a

16   successful employment discrimination case may be substantial" and "may be

17   considered when calculating the amount in controversy even where not clearly pled in

18   the complaint"). In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth

19   Circuit upheld the lower court's finding that the amount in controversy had been

20   established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's

21   "emotional distress damages would add at least an additional $25,000 to her claim"

22   where she had only $55,000 in lost wages, thus satisfying the amount in controversy

23   requirement "even without including a potential award of attorney's fees." *Id.* at 980.

24   Using the *Kroske* "formula" as a baseline, the emotional distress component of

25   Plaintiff's claims could add at least **$25,000** to the amount in controversy, if not more.

26         21.    Plaintiff also seeks punitive damages. (Compl., ¶¶ 38, 68, 83, 91, 98, 109

27   and Prayer for Relief, ¶ 5.) The Court must take into account punitive damages for

28   purposes of determining the amount in controversy where such damages are recoverable

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    7

under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons,* 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, such claim alone could exceed the jurisdictional minimum.

22.    Finally, Plaintiff seeks recovery for attorneys' fees and costs. (Compl., ¶¶ 39, 54, 69, 84, 92, 99, 116, and Prayer for Relief ¶ 6.) It is well settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy"); *Brady,* 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF          8
REMOVAL OF CIVIL ACTION

issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV'T CODE §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons,* 209 F. Supp. 2d at 1034.

23.     Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc*., 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

24.     Plaintiff also seeks such open-ended relief "[f]or such other and further relief the Court deems just and proper." (Compl., Prayer for Relief ¶ 8.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

25.     In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                9

Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332(a)(1) and 1441(a).

## VI.    VENUE

26.    Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(c), 1441(a), and 1446(a). Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Riverside. Pursuant to 28 U.S.C. section 84(c)(3), the appropriate assignment of the State Court Action is to the Eastern Division of this Court.

## VII.   NOTICE OF REMOVAL

27.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel. Copies of this Notice to Federal Court of Removal, as well as the Notice to State Court of Removal, are also being filed with the Clerk of Riverside Superior Court, pursuant to 28 U.S.C. section 1446(d). (Lamar Decl. ¶ 11.)

Dated: August 7, 2020                    Respectfully submitted,


KARIMAH J. LAMAR
JAMIE Y. LEE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
NAVIHEALTH, INC.

4845-4015-6868.1 101853.1005

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    10