# EXHIBIT A

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NAVIHEALTH, INC., a corporate entity form unknown; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SANDRA SEWERIN, an individual;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# FILED
Superior Court of California
County of Riverside
6/1/2020
D. Romo
Electronically Filed

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Southwest Justice Center | MCC2001047 |

30755-D Auld Road
Murrieta, CA 92563

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jihad M. Smaili (SBN: 262219); SMAILI & ASSOCIATES, PC; 600 W. Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE: *(Fecha)* | **6/1/2020** | Clerk, by *(Secretario)* | *Dino Romo* | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* Navihealth, Inc., a corporate entity form unknown

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒☒ other *(specify):* business organization form unknown

4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

BY FAX

1
2
3
4
5
6
7

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorney for Plaintiff

**FILED**
Superior Court of California
County of Riverside
**6/1/2020**
**D. Romo**
Electronically Filed

8
9
10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SANDRA SEWERIN, an individual;

        Plaintiff,

    v.

NAVIHEALTH, INC., a corporate entity
form unknown; and DOES 1-50,
inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: MCC2001047
Assigned for all purposes to the

**COMPLAINT:**
1.  Discrimination in Violation of Gov. Code §12940 *et seq.*
2.  Age Discrimination in Violation of Gov. Code § 12940 *et seq.*
3.  Failure to Accommodate in Violation of Gov. Code § 12940(m)
4.  Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)
5.  Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)
6.  Retaliation in Violation of Gov. Code §12940(h)
7.  Wrongful Termination
8.  Failure to Provide Employment Records in Violation of Cal. Labor Code §1198.5 *et seq.*
9.  Violation of Business & Professions Code § 17200 *et seq.*

**<u>DEMAND FOR JURY TRIAL</u>**
**<u>UNLIMITED JURISDICTION</u>**

COMPLAINT

1

Plaintiff Sandra Sewerin (hereinafter "Plaintiff" and/or "Sewerin") alleges as follows:

## THE PARTIES

1.   At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.   Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant naviHealth, Inc. (hereinafter "naviHealth"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Riverside.  Plaintiff is further informed and believes and thereon alleges that naviHealth was transacting business in the County of Riverside, State of California, at the time claims of Plaintiff arose.  At all times relevant, naviHealth was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.   Each reference in this complaint to "Defendant" and/or "Defendants" refers to naviHealth, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

1  Complaint.   Plaintiff is further informed and believes and thereon alleges that

2  Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices,

3  wrongs, complaints, injuries and/or damages alleged in this Complaint.   Likewise,

4  Defendants, and each of them are now and/or at all times mentioned in this Complaint

5  were the agents, servants and/or employees of some or all other Defendants, and vice-

6  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all

7  times mentioned in this Complaint were acting within the course and scope of that

8  agency, servitude and/or employment.

9      6.   Plaintiff is informed and believes and thereon alleges that Defendants, and

10  each of them, are now and/or at all times mentioned in this Complaint were members of

11  and/or engaged in a joint venture, partnership and common enterprise, and were acting

12  within the course and scope of, and in pursuance of said joint venture, partnership and

13  common enterprise.

14      7.   Plaintiff is informed and believes and thereon alleges that Defendants, and

15  each of them, at all times mentioned in this Complaint, concurred and contributed to the

16  various acts and omissions of each and every one of the other Defendants in proximately

17  causing the complaints, injures and/or damages alleged in this Complaint.   Plaintiff is

18  further informed and believes and thereon alleges that Defendants, and each of them, at

19  all times mentioned in this Complaint, approved of condoned and/or otherwise ratified

20  each and every one of the acts and/or omissions alleged in this Complaint.   Likewise,

21  Defendants, and each of them, at all times mentioned in this Complaint aided and abetted

22  the acts and omissions of each and every one of the other Defendants thereby proximately

23  causing the damages alleged in this Complaint.

24      8.   Plaintiff is informed and believes and thereon alleges that at all actions

25  alleged herein committed by Defendants were committed by managing agents of

26  Defendants, or, such conduct was known by and/or ratified by managing agents of

27  Defendants.

28  ///

COMPLAINT

3

**Smaili & Associates, P.C.**

## VENUE AND JURISDICTION

9.      Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Murrieta, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Riverside, State of California.

## FACTUAL BACKGROUND

10.      On or about August 8, 2016, Defendant hired Plaintiff as a Remote Telephonic Case Manager. Plaintiff's job duties included, but were not limited to, reaching out to high risk patients, and following up with such patients for up to 90 days after their discharge from Defendant's hospitals. Plaintiff worked remotely from home and was paid approximately $98,000 annually.

11.      On or about May 11, 2018, Plaintiff was on the phone with her Supervisor, Michele Wisener ("Wisener"), during a scheduled shift, when the fire alarm at Plaintiff's home went off. When Plaintiff attempted to turn the fire alarm off, she fell and severely injured her head and elbow, a work-related injury. Plaintiff immediately reported the injury to her supervisor, Wisener. Defendant's agent failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, and failed to offer an accommodation.

12.      Due to the severity of the pain, Plaintiff rushed to the emergency room and sent Wisener a picture from the hospital. Wisener simply responded, "Rest up." After Plaintiff was released from the emergency room and got home, Defendant's agent scoffed at Plaintiff, "I suppose you will be off the rest of the day," despite knowing of the severity of her injury. Defendant's agent still failed to provide workers' compensation paperwork, and failed to engage in a good faith interactive process.

13.      On or about May 12, 2018, Defendant's agent asked Plaintiff about her work status. Plaintiff informed Defendant that she lacked movement in her elbow and that she could not work.

///

COMPLAINT

4

14.     On or about May 14, 2018, Plaintiff filed for workers' compensation. Defendant's Human Resources Department ("HR") reacted very negatively to Plaintiff's workers' compensation claim. In fact, Defendant discouraged Plaintiff from even filing a claim. Soon thereafter, Plaintiff's doctor placed Plaintiff off work until in or around October 2018.

15.     In or around the end of November 2018, Defendant began harassing and retaliating against Plaintiff due to her disability and engagement in protected activity. Defendant sent Plaintiff to Tennessee for retraining related to a non-remote form of her position.

16.     In or around December 2018, Defendant assessed Plaintiff, and marked her with work deficiencies allegedly based on her retraining. However, upon information and belief, these poor assessment results were in retaliation for Plaintiff suffering a work-related injury, filing for workers' compensation, requesting accommodation, and taking medical leave.

17.     During the same period, Plaintiff began searching for other employment within Defendant's company. Plaintiff applied for five different positions she was fully qualified for, and was even interviewed by Defendant. However, Plaintiff was denied transfer/hire to a different position. Further, this was in contradiction to Defendant's announcement earlier in the year that Plaintiff would have to transfer to another position. Upon information and belief, Defendant denied Plaintiff's hire/transfer because, in part, Plaintiff suffered a work-related injury, filed for workers' compensation, requested accommodation, and took medical leave.

18.     On or about December 28, 2018, Plaintiff's job credentials were revoked and she was unable to access Defendant's software to complete her job. On the same day, Plaintiff received a severance package and termination letter without cause.

19.     After Plaintiff complained to HR about the termination and explained that she still had five open job applications within the company, HR sent Plaintiff a second

COMPLAINT

5

1  severance package, but no revised termination letter. Plainitff was given 60 days to sign

2  the new severance package.

3      20.    Plaintiff acknowledged the severance package electronically, but did not

4  sign it in person as instructed by Defendant. On or about January 15, 2019, Plaintiff sent

5  an email to Joy LNU ("Joy"), one of Defendant's HR representatives, stating in part, "I

6  will not be signing and submitting my severance package."

7      21.    Moreover, Plaintiff suffered harassment and discrimination on the basis of

8  her age. Out of all of Defendant's employees who were set to be terminated according to

9  the early-2018 companywide announcement, Defendant only terminated two: Plaintiff,

10  who was 65, and another employee, who was 47. In fact, upon information and belief,

11  Defendant had a systematic practice of hiring younger employees for the two years prior

12  to Plaintiff's termination. Further, Defendant hired someone much younger than Plaintiff

13  to replace Plaintiff's position.

14      22.    Upon information and belief, Plaintiff suffered discrimination, harassment,

15  retaliation, and ultimately termination due to her disabilities, on the job injury, for

16  requesting an accommodation, for her perceived filing/filing for workers' compensation,

17  engaging in the protected activity, and due to her age.  Further, Defendant refused to

18  provide workers' compensation paperwork, refused to engage in a good-faith interactive

19  process, and refused to offer any accommodation.

20      23.    Before filing this lawsuit, Plaintiff exhausted her administrative remedies

21  by timely filing a complaint with the Department of Fair Employment and Housing

22  (DFEH) and receiving a right-to-sue notice, dated May 27, 2019.

23  **FIRST CAUSE OF ACTION**

24  **DISCRIMINATION IN VIOLATION OF**

25  **CALIFORNIA GOVERNMENT CODE § 12940** *et seq.*

26  **(Against All Defendants)**

27      24.    Plaintiff refers to all allegations contained in paragraphs 1-23, inclusive and

28  by such reference incorporates the same herein as though fully realleged in detail.

*Smaili & Associates, P.C.*

COMPLAINT

6

25.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.   FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

26.     Plaintiff has a disability as alleged above.

27.     Defendant was aware of Plaintiff's disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

28.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

29.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

30.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

31.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

32.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to Plaintiff damage in an amount subject to proof at trial.

33.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff 's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

34.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

35.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

36.    Plaintiff is informed and believes and thereon alleges that Plaintiff's on the job injury and resulting disability was a motivating factor in the decision of Defendant to discriminate against her.

37.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

38.    The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

39.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

COMPLAINT

8

amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

### AGE DISCRIMINATION

### IN VIOLATION OF GOV. CODE § 12940 *et seq.*

### (Against All Defendants)

40.     Plaintiff refers to all allegations contained in paragraphs 1-39 inclusive and by such reference incorporates the same herein as though fully realleged in detail.

41.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

42.     At the time of Plaintiff's injury and at the time of Plaintiff's termination, and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges that after wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

43.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

44.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

45.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

46.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's

employment, and in fact, did terminate Plaintiff's employment.

47.   Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

48.   As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

49.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

50.   Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

51.   Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

52.   Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

53.   The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with

1  conscious disregard of Plaintiff's rights, and were ratified by those other individuals who
2  were managing agents of Defendant.

3      54.    Plaintiff also continues to incur attorneys' fees and legal expenses in an
4  amount according to proof at the time of trial which fees and expenses are recoverable
5  pursuant to Gov't Code §12900 *et seq.*

6                          **THIRD CAUSE OF ACTION**

7      **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**
8          **CALIFORNIA GOVERNMENT CODE § 12940(m)**
9                          **(Against All Defendants)**

10     55.    Plaintiff refers to all allegations contained in paragraphs 1-54, inclusive and
11 by such reference incorporates the same herein as though fully realleged in detail.

12     56.    Plaintiff has a disability as alleged above.

13     57.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

14     58.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed
15 and refused to engage in an interactive process with Plaintiff, and, failed to address
16 Plaintiff's needs in light of her disabilities.

17     59.    At all times herein alleged, Plaintiff was qualified for the position of
18 employment that she held with Defendant and was able to perform the essential functions
19 of that job if such reasonable accommodation had been made by Defendant.  At no time
20 would the performance of the functions of the employment position, with a reasonable
21 accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other
22 person's health or safety, nor would it have created an undue hardship to the operation of
23 Defendant's business.

24     60.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes
25 unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*
26 §12940.

27     61.    As a direct, foreseeable, and proximate result of Defendant's wrongful
28 conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

1  suffered the loss of wages, salary, benefits, the potential for advancement, and additional
2  amounts of money Plaintiff would have received but for Defendant's wrongful conduct,
3  in an amount of at least three hundred thousand dollars, all subject to proof at the time of
4  trial.

5      62.   As a direct, foreseeable, and proximate result of the wrongful conduct of
6  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
7  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an
8  amount subject to proof at trial.

9      63.   Plaintiff is informed and believes and thereon alleges that the above-alleged
10  actions of Defendant were the result and consequence of Defendant's failure to supervise,
11  control, direct, manage, and counsel those agents throughout Plaintiff's employment and
12  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and
13  enabled agents to believe that their conduct was appropriate.

14      64.   Defendant, and each of them, failed to offer counseling or comfort to
15  Plaintiff and sent the unmistakable message that such conduct is appropriate in the
16  workplace.

17      65.   Plaintiff is informed and believes and thereon alleges that Defendant has a
18  systemic and wide-spread policy of discriminating against and retaliating against
19  employees with disabilities.  By failing to stop the discrimination, harassment and
20  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,
21  directly caused a vicious cycle of wrongful conduct with impunity.

22      66.   Plaintiff is informed and believes and thereon alleges that Defendant's
23  desire to avoid accommodating Plaintiff was a motivating factor in the decision of
24  Defendant to discriminate against her.

25      67.   The outrageous conduct of Defendant, and each of them, as alleged herein,
26  was done with oppression and malice by Defendant and its supervisors and managers,
27  along with conscious disregard of Plaintiff's rights, and were ratified by those other
28  individuals who were managing agents of Defendant.

COMPLAINT

12

68. The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

69. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

**FOURTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**

**VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)**

**(Against All Defendants)**

70. Plaintiff refers to all allegations contained in paragraphs 1-69, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

71. Plaintiff has a disability as alleged above.

72. Defendant was aware of Plaintiff's disability, as alleged above and herein.

73. Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with her job.

74. At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

75. Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

76. As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

1  suffered the loss of wages, salary, benefits, the potential for advancement, and additional

2  amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

3  all in an amount no less than three hundred thousand dollars, subject to proof at the time

4  of trial.

5  77.     As a direct, foreseeable, and proximate result of the wrongful conduct of

6  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

7  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

8  amount subject to proof at trial.

9  78.     Plaintiff is informed and believes and thereon alleges that the above-alleged

10  actions of Defendant were the result and consequence of Defendant's failure to supervise,

11  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

12  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

13  enabled agents to believe that their conduct was appropriate.

14  79.     Defendant, and each of them, failed to offer counseling or comfort to

15  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

16  workplace.

17  80.     Plaintiff is informed and believes and thereon alleges that Defendant has a

18  systemic and wide-spread policy of discriminating against and retaliating against

19  employees with disabilities.  By failing to stop the discrimination, harassment and

20  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

21  directly caused a vicious cycle of wrongful conduct with impunity.

22  81.     Plaintiff is informed and believes and thereon alleges that Defendant's

23  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

24  Defendant to discriminate against her and ultimately terminate her.

25  82.     The outrageous conduct of Defendant, and each of them, as alleged herein,

26  was done with oppression and malice by Defendant and its supervisors and managers,

27  along with conscious disregard of Plaintiff's rights, and were ratified by those other

28  individuals who were managing agents of Defendant.

1   83.   The conduct of Defendant as alleged hereinabove was done with malice,

2   fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

3   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

4   84.   Plaintiff also continues to incur attorneys' fees and legal expenses in an

5   amount according to proof at the time of trial which fees and expenses are recoverable

6   pursuant to *Gov't Code* §12900 *et seq.*

7   ## FIFTH CAUSE OF ACTION

8   ## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

9   ## OF CALIFORNIA GOVERNMENT CODE § 12940(k)

10  ### (Against All Defendants)

11  85.   Plaintiff refers to all allegations contained in paragraphs 1-84, inclusive and

12  by such reference incorporates the same herein as though fully realleged in detail.

13  86.   During the course of employment, Defendant, and each of them, failed to

14  prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

15  of her disability, participation in protected conduct, and age in violation of *Government*

16  *Code* §12940(k).

17  87.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

18  and continues to suffer, substantial losses in earnings and other benefits in an amount

19  according to proof at the time trial, including special and general damages.

20  88.   As a direct, foreseeable, and proximate result of the wrongful conduct of

21  Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

22  humiliation, substantial losses in salary, bonuses, job benefits, and other employment

23  benefits which he would have received all to her damage in a sum within the jurisdiction

24  of the Court to be ascertained according to proof.

25  89.   Plaintiff is informed and believes and thereon alleges that the outrageous

26  conduct of Defendant, and each of them, as alleged herein, was done with oppression and

27  malice by Plaintiff's supervisors and managers, along with conscious disregard of

28  Plaintiff's rights, and were ratified by those other individuals who were managing agents

Smaili & Associates, P.C.

COMPLAINT

15

1 | of Defendant.

2 |     90.    As a proximate result of the wrongful conduct of Defendant, and each of
3 | them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and
4 | mental and physical pain and anguish according to proof at the time of trial.

5 |     91.    These unlawful acts were further encouraged by Defendant and done with a
6 | conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
7 | injuring Plaintiff.    The conduct of Defendant alleged hereinabove was done with malice,
8 | fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.
9 | As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

10 |     92.    Plaintiff has also incurred and continues to incur attorneys' fees and legal
11 | expenses in an amount according to proof at the time of trial.

**SIXTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE §12940(h)**

**(Against All Defendants)**

16 |     93.    Plaintiff refers to all allegations contained in paragraphs 1-92, inclusive,
17 | and by such reference incorporates the same herein as though fully realleged in detail.

18 |     94.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in
19 | full force and effect and was binding on Defendant.  This statute requires Defendant to
20 | refrain from retaliating against Plaintiff.

21 |     95.    Plaintiff is informed and believes and thereon alleges that as a consequence
22 | of lodging complaints with Defendants about the harassing and discriminatory acts being
23 | committed against Plaintiff, coupled with Plaintiff's disability for which workers'
24 | compensation paperwork was required, Defendant took retaliatory action against Plaintiff
25 | by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with
26 | Plaintiff's job, failing to determine the essential functions of Plaintiff's job, mistreat
27 | Plaintiff, deny Plaintiff advancement and promotion, and terminate Plaintiff.

28 |     96.    Defendant unlawfully retaliated against Plaintiff after she engaged in

COMPLAINT

1   protected activity, such as without limitation, lodging workplace complaints related to the
2   harassment and discrimination that she was facing, filing for workers' compensation, and
3   other complaints of a hostile and unsafe working environment.

4       97.    As a proximate result of Defendant's willful, knowing, and intentional
5   conduct against Plaintiff, she has sustained and continues to sustain substantial losses in
6   Plaintiff earnings and other employment benefits and continues to suffer humiliation,
7   emotional distress, and mental and physical pain an and anguish, and sleep dysfunction,
8   all to Plaintiff damage in a sum according to proof.

9       98.    These unlawful acts were further encouraged by Defendant and done with a
10   conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
11   injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination
12   against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of
13   punitive and exemplary damages in an amount according to proof.

14       99.    Plaintiff has incurred and continues to incur legal expenses and attorney
15   fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and
16   prays leave of court to amend this Complaint when said amounts are more fully known.

## SEVENTH CAUSE OF ACTION
### WRONGFUL TERMINATION
#### (Against All Defendants)

20       100.    Plaintiff refers to all allegations contained in paragraphs 1-99, inclusive and
21   by such reference incorporates the same herein as though fully realleged in detail.

22       101.    Plaintiff informed Defendants that she suffered from disabilities. Further,
23   Defendants were aware of Plaintiff's requests for accommodation and complaints about
24   her workplace environment.

25       102.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an
26   employee from discussing their working conditions.

27       103.    *Labor Code* §6310 protects an employee's right to complain of unsafe
28   working conditions.

Smith & Associates, P.C.

104.    *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

105.    *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

106.    Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against her because: (i) she had a disability, (ii) she requested and required reasonable accommodation, (iii) she required an interactive process, (iv) her age, (v) she took medical leave, (vi) she filed for workers' compensation, and (vii) she lodged complaints.

107.    Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

108.    As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

109.    In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS

### IN VIOLATION OF CAL. LABOR CODE §1198.5 et seq.

#### (Against All Defendants)

110.    Plaintiff refers to all allegations contained in paragraphs 1-109, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

111.   California Labor Code §1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

112.   California Labor Code §226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

113.   California Labor Code §432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

114.   California Labor Code §1198.5 et seq., provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

115.   Plaintiff, via counsel, requested Defendants to provide Plaintiff with her employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

116.   As a result of Defendants' statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

117.   By reason of the foregoing, Plaintiff has been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these records as required by law.

118.   Plaintiff is entitled to costs and attorney's fees as provided by applicable law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and (h), and § 1198.5 subdivision (l).

COMPLAINT

19

119.    Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

## NINTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

### (Against All Defendants)

120.    Plaintiff refers to all allegations contained in paragraphs 1-119 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

121.    Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

122.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

123.    By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

124.    Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

125.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

126.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

COMPLAINT

20

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.


Dated: May 11, 2020                       **SMAILI & ASSOCIATES, P.C.**


                                    By: _/s/ Jihad M. Smaili_
                                         Jihad M. Smaili, Esq.
                                         Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: May 11, 2020                    **SMAILI & ASSOCIATES, P.C.**


By:  _/s/ Jihad M. Smaili_
        Jihad M. Smaili, Esq.
        Attorney for Plaintiff

COMPLAINT

22

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): **BY FAX**<br>Jihad M. Smaili, Esq. [SBN: 262219]<br>SMAILI & ASSOCIATES, PC<br>600 W. Santa Ana Blvd., Suite 202<br>Santa Ana, CA 92701<br>TELEPHONE NO.: (714) 547-4700   FAX NO. (Optional): (714) 547-4710<br>ATTORNEY FOR (Name): Sandra Sewerin | *FOR COURT USE ONLY*<br><br>**FILED**<br>Superior Court of California<br>County of Riverside<br>**6/1/2020**<br>**D. Romo**<br>Electronically Filed |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS:
CITY AND ZIP CODE: Murrieta 92563
BRANCH NAME: Southwest Justice Center

CASE NAME:
Sandra Sewerin v. naviHealth, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | MCC2001047 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 11, 2020

Jihad M. Smaili, Esq.
_____
(TYPE OR PRINT NAME)

▶ /s/ Jihad M. Smaili
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

BY FAX

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **HEMET** 880 N. State St., Hemet, CA 92543
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☑ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Jihad M. Smaili, Esq. [SBN: 262219]
SMAILI & ASSOCIATES, PC
600 West Santa Ana Blvd., Suite 202
Santa Ana, CA 92701
TELEPHONE NO:(714) 547-4700   FAX NO. *(Optional)*  (714) 547-4710
E-MAIL ADDRESS *(Optional)*: jihad@smaililaw.com
ATTORNEY FOR *(Name)*: Sandra Sewerin

*FOR COURT USE ONLY*

**FILED**
Superior Court of California
County of Riverside
**6/1/2020**
**D. Romo**
**Electronically Filed**

PLAINTIFF/PETITIONER: Sandra Sewerin

DEFENDANT/RESPONDENT: naviHealth, Inc.

CASE NUMBER:
MCC2001047

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☑   The action arose in the zip code of: _____ 92562 _____

☐   The action concerns real property located in the zip code of: _____

☐   The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date _____ May 11, 2020 _____

_____ Jihad M. Smaili, Esq. _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ /s/ Jihad M. Smaili _____
(SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]
(Reformatted 01/07/19)

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtml

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| SANDRA SEWERIN, an individual; | ) **Case No.: MCC2001047** |
| | ) **Assigned for all purposes to the** |
| Plaintiff, | ) **Hon. Judge Raquel A. Marquez** |
| | ) |
| v. | ) **NOTICE OF CASE MANAGEMENT** |
| | ) **CONFERENCE** |
| NAVIHEALTH, INC., a corporate entity) | |
| form unknown; and DOES 1-50, | ) **Hearing: Case Management Conference** |
| inclusive, | ) **Date:    December 3, 2020** |
| | ) **Time:    8:30am** |
| Defendants. | ) **Dept.:   S303** |
| | ) |
| | ) Complaint Filed:        June 4, 2020 |
| | ) Trial Date:              None Set |
| | ) |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that a Case Management Conference is scheduled for hearing on December 3, 2020 at 8:30am in Department S303 of the above captioned court, located at 30755-d Auld Road, Murrieta, CA 92563.

DATED: July 2, 2020                    **SMAILI & ASSOCIATES, P.C.**

                                   By:   */s/ Jihad M. Smaili*
                                         Jihad M. Smaili, Esq.
                                         Attorney for Plaintiff

NOTICE OF CASE MANAGEMENT CONFERENCE

1